# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CHARLES ANTHONY ERWIN, JR.**                                                      **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:18-CV-110-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                       **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Charles Anthony Erwin, Jr. filed suit under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The Court, having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, and as explained further from the bench at the conclusion of the hearing hereon, finds as follows:

The ALJ's determination that Plaintiff's headaches and personality changes are non-severe is not supported by substantial evidence. Plaintiff's treating neurosurgeon Dr. Luzardo – whose opinion is not even mentioned in the ALJ's decision – diagnosed Plaintiff with chronic headaches and found that this impairment frequently interfered with Plaintiff's ability to maintain attention and concentration. Also, contrary to the ALJ's finding that "the record fails to demonstrate the claimant was diagnosed with personality changes," Plaintiff's examining psychologist Dr. Morris diagnosed Plaintiff with intermittent explosive disorder and opined that Plaintiff would not be able to perform favorably to supervision or interact cooperatively with co-workers on a sustained basis. There are no conflicting opinions from treating or examining

sources. These opinions and other consistent record evidence clearly show that the low *Stone v. Heckler* standard for severity has been met. 752 F.2d 1099, 1101 (5th Cir. 1985).

The ALJ's failure to even mention Dr. Luzardo's opinion – let alone to explain the weight given to it and the reasons for rejecting it – is itself reversible error. In an unfavorable decision the ALJ is required to articulate "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2P (S.S.A. July 2, 1996). "The ALJ cannot reject a medical opinion without an explanation." *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017). The ALJ's failure to address this treating physician's medical opinion is not harmless because "such an error makes it impossible to know whether the ALJ properly considered and weighed an opinion, which directly affects the RFC determination." *Kneeland*, 850 F.3d at 762.

In determining whether to reverse the Commissioner's final decision and remand or to grant benefits without further administrative review, the Court must look to the completeness of the record, the weight of the evidence in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. In this case, there are no opinions from treating or examining sources that conflict with those of Dr. Luzardo and Dr. Morris, whose opinions are consistent with other record evidence, including the testimony of Plaintiff and his wife. The functional limitations ascribed to Plaintiff by Dr. Luzardo and Dr. Morris were presented in separate hypotheticals to the vocational expert, who testified that the individual in each hypothetical would be unable to perform work in the national economy. The

record is sufficiently complete to support a finding of disability. Also, an award of benefits at this stage would be in the best interests of Plaintiff's health and welfare and will avoid further undue delay which would result upon remand for additional review.  Accordingly, this case is reversed and remanded for the sole purpose of determining the amount of benefits to be awarded.

**SO ORDERED**, this, the 27th day of February, 2019.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE